# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

J.P. JENKS, INC. and
R.W. SIDLEY, INC.,

                Plaintiffs,

v.

COMMERCE & INDUSTRY INSURACE COMPANY,

                Defendant.

Civil Action No. 1:15-cv-00155 (BJR)

MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S AND PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT.

## I. INTRODUCTION

Plaintiffs J.P. Jenks, Inc., a trucking and warehousing business, and R.W. Sidley, Inc., the parent company of J.P. Jenks, bring this action for breach of contract against Defendant Commerce & Industry Insurance Company. Plaintiffs allege that Defendant breached its contractual obligation to indemnify and reimburse Plaintiffs for costs Plaintiffs incurred during a workers' compensation proceeding in Ohio. The parties' cross-motions for summary judgment are currently before the Court. (Doc. No. 59 (Plaintiffs' Motion), Doc. No. 60 (Defendant's Motion).) Having reviewed the parties' submissions, the record of the case, and the relevant legal authority, the Court will GRANT in part and DENY in part Defendant's Motion for Summary Judgment, and GRANT in part and DENY in part Plaintiffs' Motion for Summary Judgment.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2012, Plaintiffs entered into a Workers' Compensation and Employers Liability Policy with Defendant. (Doc. 1-1.) The Policy provides that Defendant shall reimburse Plaintiffs for benefits paid to injured employees and costs incurred in defending these claims, as

1

required by the workers compensation laws of Pennsylvania, West Virginia, and New York. Pennsylvania Worker's Compensation Act applies to all injuries that occur within the Commonwealth of Pennsylvania. 77 P.S. § 1. On January 16, 2013, Plaintiffs' employee Allen Bowers was injured while working in Pennsylvania. (Doc. No. 1-1.) The parties' problems were precipitated when Bowers initially filed his worker's compensation claim in the state of Ohio. Ohio's laws on workers' compensation require local companies to either purchase insurance from the state or self-insure. (Doc. No. 60-1 at 17-18.) Plaintiffs chose to self-insure, and paid approximately $254,689 on this claim. Further complications arose when, on April 14, 2014, Bowers filed a worker's compensation claim in Pennsylvania for the same incident. (Doc. No. 60-4.) Plaintiffs gave Defendant notice of this claim on August 11, 2014. (Doc. No. 60-1.) Defendant accepted the Pennsylvania claim and has paid all subsequently arising benefits owing under Pennsylvania law. But Defendant refused to reimburse Plaintiffs for amounts they had paid Bowers pursuant to his Ohio claims.

On May 19, 2015, Plaintiffs filed in Pennsylvania state court a complaint alleging breach of contract for Defendant's refusal to reimburse Plaintiffs for the approximately $254,689 that Plaintiffs paid on Bowers's workers compensation claim in Ohio, and for bad faith. Defendant removed the action to federal court on the basis of diversity citizenship. On June 25, 2015, Defendant moved to dismiss both counts for failing to state a claim. (Doc. No. 8.) Defendant argued that the insurance contract does not cover benefits that were paid in Ohio, and that it did not deny coverage in bad faith. The Court dismissed the bad faith claim, but held that "under Pennsylvania law the Policy does not preclude recovery on claims made pursuant to Ohio law. Rather, it allows Plaintiffs to recover on claims made pursuant to Ohio law *up to* the amount that would have been required under Pennsylvania law." (Doc. No. 22 at 5-6 (footnote omitted;

2

emphasis in original).) Plaintiffs subsequently moved for judgment on the pleadings, which the Court denied on the grounds that two disputes remained: "the extent to which Bowers' claim would have been reimbursed under Pennsylvania law; and the timing and sufficiency of the notice Plaintiffs gave Defendant regarding the claim." (Doc. No. 39 at 2.) The parties filed cross-motions for summary judgment on November 29, 2016.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. *See United States v. Diebold, Inc.,* 369 U.S. 654 (1962). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, the non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on "unsupported assertions, conclusory allegations, or mere suspicions." *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *Williams v. Borough of West Chester*, 801 F. 2d 458, 460 (3d Cir. 1989).

Additionally, because the parties have cross moved for summary judgment, "'[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Schlegel v. Life Ins. Co. of N. Am.*, 269 F. Supp.2d 612, 615 n.1 (E.D. Pa. 2003) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720 (3d ed. 1998)).

## IV. DISCUSSION

### A. Defendant's Motion for Summary Judgment

Defendant argues several grounds for why it is not liable for the benefits paid by Plaintiffs while Bowers's claim was in Ohio. These objections can be grouped into three categories: First, Defendant maintains that reimbursement is not required by its Policy or state statute. Second, Defendant argues that coverage is precluded because Plaintiffs did not timely notify it of the claim. Third, Defendant argues that the Policy's "Other Insurance" clause provides that Defendants are only required to reimburse Plaintiffs for half of the requested amount. The Court will address each in turn.

1. *Reimbursement Is Not Precluded by the Policy or by State Statute.*

Defendant argues that Ohio Revised Code § 4123.82(A) precludes indemnification for benefits that were paid by Plaintiffs. Defendant further suggests that ordering indemnification that is prohibited by Ohio law would violate Pennsylvania public policy. Moreover, Defendant maintains that the insurance Policy does not cover reimbursement of Ohio claims.

These arguments were already shot down in the Court's Order denying Defendant's Motion to Dismiss. The Court held, "under Pennsylvania law the Policy does not preclude recovery on claims made pursuant to Ohio law. Rather, it allows Plaintiffs to recover on claims made pursuant to Ohio law *up to* the amount that would have been required under Pennsylvania law." (Doc. No. 22 at 5-6 (footnote omitted; emphasis in original).) The Court applies Pennsylvania law via its exercise of diversity jurisdiction, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 91 (1938), and no Pennsylvania law (or other codified statement of "public policy") precludes reimbursement of a covered workers compensation claim that was filed in another state. The Policy states that it includes coverage for all benefits required by Pennsylvania's workman's compensation law, and

4

Pennsylvania's law applies to all injuries that occur within the Commonwealth (without reference to where the claim is filed). 77 P.S. § 1. Thus, Defendant owes coverage for the employment-related injury Bowers suffered in Pennsylvania. For the reasons articulated in the October 15, 2015 Order (Doc. No. 22), the Court rejects Defendant's arguments once again.

2. *Defendant Was Not Prejudiced by Untimely Notice.*

To avoid its policy obligations on the basis of late notice, an insurer must show both that notice was untimely and that is suffered prejudice as a consequence. *Brakeman v. Potamac Ins. Co.*, 371 A.2d 193, 196 (Pa. 1977). "Where the insurance company's interests have not been harmed by a late notice, even in the absence of extenuating circumstances to excuse the tardiness, the reason behind the notice condition in the policy is lacking, and it follows neither logic nor fairness to relieve the insurance company of its obligations under the policy in such a situation." *Id*. at 197. The Pennsylvania Supreme Court recognized that "prejudice is a difficult matter to prove affirmatively, but although it may be difficult for the insurance company to prove it suffered prejudice as a consequence of an untimely notice, it appears to us that it would be at least as difficult for the claimant to prove a lack of prejudice." *Id*. at 198. The Court concluded, "it is more equitable to place the burden of showing prejudice on the insurance company." *Id*.

Defendant has failed to satisfy its burden to establish that it was prejudiced by untimely notice. Bowers's claim was filed in Pennsylvania on April 14, 2014. Plaintiffs provided Defendant with notice of that claim on August 11, 2014. Defendant has not articulated how this four month delay in notice affected the sum of benefits that Plaintiff paid while Bowers's claim was in Ohio. Instead, Plaintiff must argue that it was due notice for the Pennsylvania claim before the Pennsylvania claim was ever filed. That would be an unusual argument, perhaps befitting this

rather unusual case.[1] In any event, Defendant has not demonstrated that notice even as early as the day the Ohio claim was filed would have produced a more advantageous result. Defendant cites cases where courts have found prejudice as a matter of law when notice was not provided until after a claim was fully litigated or settled. *See, e.g.*, *Metal Bank of Am., Inc. v. Ins. Co. of N. Am.*, 520 A.2d 493 (Pa. Super. Ct. 1987). Unlike these cases, however, Defendant had an opportunity to defend the identical claim when it was filed in Pennsylvania. But Defendant has accepted full responsibility for the Pennsylvania claim, and has not established why it would not have accepted the same responsibility for the same claim had it received earlier notice. Possible defenses that Defendant offers now – such as its lost opportunity to answer Bowers's complaint or direct Bowers to a doctor of its choice – are just as applicable to the claim after it was transferred to Pennsylvania, for which Defendant has accepted full responsibility. Defendant would have the Court speculate that Defendant may have asserted certain defenses to the Ohio claim when it chose not to assert those same defenses to the identical claim filed in Pennsylvania. While the Pennsylvania Supreme Court acknowledged that "prejudice is a difficult manner to prove affirmatively," *Brakeman*, 371 A.2d at 198, it nonetheless assigned that burden to the insurer, and required a stronger showing than what Defendant has provided here.

3. *The Policy's "Other Insurance" Clause Requires the Parties to Share the Claim.*

The Policy contains an "Other Insurance" clause which states:

We will not pay more than our share of damage and costs covered by this insurance
and other insurance or self-insurance. Subject to any limits of liability that apply,
all shares will be equal until the loss is paid.

---

[1] In response to the Court's questioning during oral argument held February 10, 2017, Defendant was unable to identify just when Plaintiffs' responsibility to provide notice first arose.

(The Policy at Part One, E.) "Other insurance," the Pennsylvania Supreme Court has explained, exists "where there are two or more insurance policies covering the same interest, the same subject matter and against the same risk." *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mut. Ins. Co.*, 123 A.2d 413, 415 (Pa. 1956). Here, two insurance policies cover benefits paid in Ohio and compensable under Pennsylvania law: Defendant's Policy with Plaintiffs in Pennsylvania, and Plaintiffs' self-insurance policy in Ohio.

Defendant owes coverage for benefits required under Pennsylvania's Workers' Compensation Act, which applies to "all injuries occurring within the Commonwealth, irrespective of the place where the contract of hiring was made." 77 P.S. § 1. Meanwhile, Plaintiffs are self-insured for coverage arising under Ohio law. Ohio law provides that Ohio's Workmen's Compensation Act applies when an employee is injured in Ohio and also when "the employee of an Ohio employer [is injured] in the course of his employment outside of Ohio." *Prendergast v. Indus. Comm'n of Ohio*, 27 N.E.2d 235, 237 (Ohio 1940). Thus, when Bowers was injured in Pennsylvania and initially filed his claim in his employer's home state of Ohio, he triggered coverage under two different insurance policies for the same incident. Defendant owes coverage because the injury occurred in Pennsylvania, and Plaintiffs owe coverage because they are employers in Ohio where the claim was filed. The Policy's "Other Insurance" clause directs that when multiple insurance policies apply to the same incident, liability is evenly shared. Accordingly, Plaintiffs and Defendant are each responsible for 50% of the benefits paid in Ohio that would have been due under Pennsylvania law.

### B. Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment on two grounds. First, they seek an award of $207,960.15, which is the figure they present for the sum paid to Bowers for his Ohio claim and

7

compensable under Pennsylvania law. Second, they ask the Court to find that Defendant has litigated this claim in bad faith.

1. *Plaintiffs Are Entitled To $103,980.08.*

Plaintiffs have submitted three affidavits which state that, of the $254,689.04 that Plaintiffs paid for Bowers's claim in Ohio, $207,960.15 is compensable under Pennsylvania law. (Doc. No. 59 Ex. A, B, C.) Defendant has not presented any evidence in opposition to this calculation.

The party moving for summary judgment initially bears the burden of proof, but once the motion is made and supported, "the nonmoving party must produce specific facts showing that there is a genuine issue for trial, rather than resting upon the assertions of pleading; a genuine issue means that the evidence must create a fair doubt, and wholly speculative assertions will not suffice." *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). "Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion. 'Denials in the form of legal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment.'" *Id.* at 1109-10 (quoting *Securities and Exchange Commission v. Bonastia,* 614 F.2d 908, 914 (3d Cir. 1980)). Because Defendant has not introduced any evidence to dispute Plaintiffs' calculation, the Court accepts Plaintiffs' figure. Pursuant to the Court's entry of summary judgment on Defendant's "other insurance" clause argument, Plaintiffs' are entitled to half of this amount, or $103,980.08.

2. *Plaintiffs' Have Not Established Bad Faith as a Matter of Law.*

Plaintiffs argue Defendant have acted in bad faith by continuing to litigate contractual liability issues that were resolved by the Court's Orders on October 15, 2015 (Doc. No. 22) and February 16, 2016 (Doc. No. 39). Specifically, Plaintiffs reference depositions held in four U.S.

8

cities that were "all designed to beat Plaintiffs down in a war of who will blink first." (Doc. No. 59 at 9.) In *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000), the Third Circuit stated the bad faith standard for insurance liability under Pennsylvania law:

> In the insurance context, the Pennsylvania Superior Court has explained that the term bad faith includes "'any frivolous or unfounded refusal to pay proceeds of a policy.'" *Terletsky v. Prudential Property and Casualty Insurance Co.*, 437 Pa. Super. 108, 649 A.2d 680, 688 (1997) (quoting Black's Law Dictionary 139 (6th ed. 1990)). "'For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.'" *Id*. Therefore, in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. *See id.*; *Klinger v. State Farm Mutual Automobile Ins. Co.*, 115 F.3d 230 (3d Cir. 1997); *Polselli v. Nationwide Mutual Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994).

203 F.3d at 225. Plaintiffs have not established that Defendant's deposition requests in the course of discovery were bad faith attempts to avoid paying the proceeds of its policy.

## V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part both Defendant's and Plaintiffs' Motions for Summary Judgment. Defendant is liable under the Policy and Pennsylvania law for coverage arising out of Bowers' injury in Pennsylvania, even if that claim was initially filed in Ohio. Because Plaintiffs are also self-insured for claims filed in Ohio, the Policy's "Other Insurance" clause becomes operative. That clause requires that liability for benefits paid in Ohio and compensable under Pennsylvania law be shared evenly between Plaintiffs and Defendant. Plaintiffs have established that $207,960.15 of the benefits paid in Ohio are compensable under Pennsylvania law. Accordingly, Defendant must reimburse Plaintiffs the

9

sum of $103,980.08. Plaintiff's claim for bad faith is denied. NOW THEREFORE, it is ORDERED as follows: the parties' claims having been fully adjudicated, this case is DISMISSED.

Dated this 16th day of February, 2017.

*Barbara J Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge